IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KOSHIRO KITAZATO; YOSHIKIMI KOMODA; TOSHIHIKO IKENAGA; and SOCIETY TO PROTECT DIAMOND HAWAII,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BLACK DIAMOND HOSPITALITY INVESTMENTS, LLC; DIAMOND SOCIETY COMPANY, LTD.; DIAMOND RESORT CORPORATION; DIAMOND RESORT HAWAII CORPORATION; DIAMOND RESORT HAWAII OWNERS ASSOCIATION, INC.; DIAMOND RESORT MANAGEMENT, INC.; JOE G. LEONI; KIMURA KYOKO; JERRY LYNCH; TIMOTHY JOHN YOUNG; JOSEPH M. TOY; MATTHEW GAMBETTA; JONATHAN M. McMANUS; John Does 1-20; Jane Does 1-20; Doe Partnerships 1-20; Doe Corporations 1-20; and Doe Government Entities 1-20,<br><br>          Defendants.<br>_____ | CV. NO. 09-00271 DAE-LEK |

ORDER: (1)ADOPTING IN PART AND MODIFYING IN PART
THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFFS' MOTION TO REMAND TO STATE COURT; AND (2)
GRANTING IN PART AND DENYING IN PART REMOVING DEFENDANTS'
OBJECTION TO THE MAGISTRATE
<u>JUDGE'S FINDINGS AND RECOMMENDATION</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Diamond Resort Hawaii Corporation, Janic Corporation and Diamond Resort Management, Inc.'s ("Removing Defendants") Objection and the supporting and opposing memoranda, the Court GRANTS IN PART and DENIES IN PART Removing Defendants' Objection (Doc. # 80) to the Magistrate Judge's Findings and Recommendation to Grant Plaintiffs' Motion to Remand to State Court, filed on October 6, 2009 (Doc. # 79).

This Court ADOPTS IN PART and MODIFIES IN PART the Magistrate Judge's F&R. The F&R is modified only with respect to the award of attorneys' fees, which this Court believes is unwarranted. As such, this Court lacks the subject matter jurisdiction to hear Plaintiffs' claims, and remands the instant action to state court.

## BACKGROUND

This Court repeats the background facts only as is necessary for a decision on the Objection to the Magistrate Judge's Findings and Recommendation ("F&R," Doc. # 79) in the discussion section below. Additional background facts are contained in the F&R.

On March 25, 2008, Plaintiffs filed their First Amended Complaint in state court alleging that all the Defendants violated Hawaii Revised Statutes Chapter 414D (Hawaii Non-Profit Corporations Act) and seeking (1) an accounting of the financial and other business records regarding the defendant Diamond Resort Hawaii and Spa (the "Resort") and defendant Diamond Resort Hawaii Owners Association, Inc. ("AOAO"); (2) declaratory relief and a determination that certain covenants in the Declaration, including those concerning proxy rights, board and management selection process, and special meetings, are void due to illegality, being against public policy, or in violation of Chapter 414D; (3) declaratory relief and a determination that there is an inherent conflict of interest among the AOAO Board that is negatively impacting Plaintiffs' voting rights under the Declaration; and (4) reformation of the Resort to its condition prior to the Defendants alleged improper conduct. (First Amended Complaint "FAC" ¶¶ 82-109, Doc # 1, Exh. A.)

On June 15, 2009, Removing Defendants removed this action from state court to federal court. (Notice of Removal, Doc # 1.) Jurisdiction and basis for removal are asserted under 28 U.S.C. § 1332(d), Class Action Fairness Act ("CAFA"). (Id. at 4.) On July 7, 2009, Plaintiffs filed a Motion to Remand to State Court pursuant to 28 U.S.C. § 1447(c). (Motion to Remand, Doc. # 9.)

On October 6, 2009, Magistrate Judge Leslie Kobayashi recommended without a hearing that Plaintiffs' Motion to Remand be granted. The Magistrate Judge found that Removing Defendants had not proved by a preponderance of the evidence that Plaintiffs' instant civil action satisfied the numerosity or monetary relief claim requirements of CAFA's "mass action" provision. (F&R at 16-17.)

Citing Tanoh v. Dow Chemical Co., 561 F.3d 945, 952 (9th Cir. 2009), the Magistrate Judge held that federal jurisdiction was lacking under CAFA's mass action numerosity requirement because the instant action contained only 4 direct plaintiffs, and CAFA mass actions do not allow for representational plaintiffs. (F&R at 14.) Alternatively, the Magistrate Judge held that even if representational standing was allowed, Removing Defendants' evidence of plaintiff Society to Protect Diamond Hawaii's (the "Society") representation of more than 100 persons was "speculative extrapolation at best." (Id. at 15.)

4

The Magistrate Judge separately analyzed CAFA's monetary relief requirement and held that CAFA's plain language mandated that Plaintiffs' claims be for *monetary* relief.  (Id. at 15.)  Because the Magistrate Judge found that Plaintiffs' claims were not for monetary relief, but instead for an accounting and injunctive and declaratory relief, Plaintiffs' action could not be considered a qualifying CAFA mass action.  (Id.)  Therefore, the Magistrate Judge found it was unnecessary to determine whether CAFA's monetary threshold was met.  (Id.)  Removing Defendants did not meet their burden of proof for the monetary relief claim requirement for a mass action under CAFA.  (Id. at 17.)

In addition to granting Plaintiffs' Motion to Remand, the Magistrate Judge held that Removing Defendants did not have an objectively reasonable basis to seek removal and awarded Plaintiffs attorneys' fees and costs under 28 U.S.C. § 1447(c).  (Id. at 19.)

Removing Defendants filed an Objection to the Magistrate Judge's F&R on October 16, 2009. ("Obj.," Doc. # 80.)   Plaintiffs filed a Response to Removing Defendants' Objection on October 27, 2009.  (Resp., Doc. # 87.)

## STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination. The court treats a motion for attorneys' fees as a dispositive motion to be reviewed de novo. See 28 U.S.C. § 636(b); Local Rule 74.2. A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

## DISCUSSION

Removing Defendants object to the Magistrate Judge's finding that the instant action cannot qualify as a mass action under CAFA and must be remanded to state court. (Obj. at 7-16.) Removing Defendants argue that the

instant action is a qualifying mass action under CAFA, that the facts show CAFA's numerosity and monetary relief requirements are met in the instant action, and that federal jurisdiction should be sustained. (Id.)

Federal jurisdiction in the instant action will be proper if the action meets all requirements of a CAFA mass action. 28 U.S.C. § 1332(d)(11). An action qualifies as a mass action if it is a civil action in which "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." Id. § 1332(d)(11)(B). A federal court will have removal jurisdiction over a mass action if it meets additional requirements such as minimal diversity and a matter in controversy exceeding the sum or value of $5,000,000.00, inter alia. See id. U.S.C. § 1332(d)(11)(A), (d)(2-10).

Pursuant to 28 U.S.C. § 1447 (c), a party may bring a motion to remand a previously removed action to state court. Upon a motion to remand, the party seeking removal bears the burden of establishing federal jurisdiction. See Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993). Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant must prove by a preponderance of the evidence that the amount in

controversy requirement has been met.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (The defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy is satisfied.) (citation omitted)).  This Court will now address Removing Defendants' Objection on the merits.

I.   Defendants' Objections

   A.   Numerosity Requirement

Removing Defendants argue that the Magistrate Judge erred in finding that CAFA's mass action numerosity requirement does not allow for representational plaintiffs based on Tanoh.  (Obj. at 7.)    Plaintiffs agree with the Magistrate Judge's finding and assert that in order for a plaintiff to sue in a representative capacity for a class of persons, the plaintiff must move to represent a class.  (Resp. at 4-5.)

The Magistrate Judge found that mass actions, unlike class actions, do not allow for the representation of parties not before the court.  (F&R at 14 (citing Tanoh, 561 F.3d at 952).)  CAFA's plain language defines a mass action to specifically exclude class actions.  See 28 § 1332(d)(11)(B) (excepting from the definition of mass action any class action defined by 28 U.S.C. § 1711(2)).

Further, although a mass action is deemed a class action (for CAFA's purposes), a mass action need not meet any traditional class action requirements, such as under Fed. R. Civ. P. 23.  Therefore, a mass action does not allow for a plaintiff's representation of other persons in a manner identical to that of a class action.  However, class representation is not at issue here as Plaintiffs in this case do not allege a class action.  (Resp. at 9-10.)

Ordinarily, a plaintiff cannot assert the rights of third persons in a representational capacity.  See Tileston v. Ullman, 318 U.S. 44, 46 (1943) (per curiam).  However, an association may sue in a representative capacity on behalf of its members if it meets certain standing requirements.  See Hunt v. Wash. State Apple Adver. Comm.'n, 432 U.S. 333, 342-43 (1977).  Louisiana ex rel. Caldwell v. Allstate Ins. Co., 536 F.3d 418 (5th Cir. 2008), is instructive, although not binding authority.  In Allstate Ins. Co., the Louisiana Attorney General brought a parens patriae action, another exception to the general rule against representational standing in which the federal or state government may sue on behalf of citizens, which was removed by defendants pursuant to CAFA's mass action provision.  Id. at 430.  The Fifth Circuit held that because the policyholders represented by the state were the real parties in interest, and not the state itself, the numerosity requirement of CAFA's mass action provision was met.  Id.

9

Here, the Society at issue is an association with an interest in this litigation only because of its comprising members, and it sues on behalf of its members.  (FAC.)  The Society acts for its members only as a proxy as evidenced by the fact that its membership is comprised of those tenant-in-common ("TICs") who request that the Society vote on their behalf.  (See Resp. at 5.)  Therefore, the real parties in interest are the TICs of the Resort that were allegedly harmed by the defendants' actions.  However, this Court need not determine whether to count the members of the Society as plaintiffs for CAFA numerosity purposes or determine the threshold question of whether the Society has associational standing on behalf of its members.  Here, whether or not the Society members are counted, Removing Defendants cannot show that there are 100 persons for CAFA numerosity purposes.

Removing Defendants at best provide only speculation and at worst misconstrue factual evidence regarding the number of people represented by the Society.  (See F&R at 15; Obj. at 3 n.1.)  Furthermore, Plaintiffs represent that the membership of the Society is only 49 TIC Resort interest owners.  (Resp. at 2, 5.)  This fact is supported by the declaration of named plaintiff Koshiro Kitazato and

the declaration of Plaintiffs' attorney Junsuke Otsuka.[1]  (Id., Exhibit A; Decl. of J. Otsuka.)

In calculating how many TIC owners have an intrest in this action, the Court notes that although Plaintiffs state that three of the named plaintiffs are individual resort owners apart from the Society, all of the named plaintiffs are officers of the Society.  (Compare FAC at ¶¶ 1-3 with Resp. at 4-5).  Regardless, Plaintiffs purport to include no more than 52 persons with an interest in the underlying litigation in the instant case.  The evidence before the Court falls well short of the showing necessary for the numerosity requirement under CAFA and accordingly this Court lacks jurisdiction on this ground alone.

B.      Monetary Relief Claim Requirement

Removing Defendants next argue that the Magistrate Judge erred in finding that mass action under CAFA requires a plaintiff's claims to be monetary in nature.  Removing Defendants contend that this Court may consider facts beyond the face of the complaint in order to determine the value of the object of Plaintiffs' case, including consideration of a purported settlement letter allegedly

---

[1] Removing Defendants asked that this Court delay its ruling past October 19, 2009 pending the completion of certain jurisdictional discovery that would serve to clarify the number of Society members.  (Obj. at 21.)  Plaintiffs oppose jurisdictional discovery.  (Resp. at 14.)  As Plaintiffs have identified Society membership, this Court finds this issue moot.

from Plaintiffs that was submitted as evidence by Removing Defendants (the "Kitazato Letter"). (Obj. at 14.)  In support of their proposition, Removing Defendants cite two Ninth Circuit cases involving traditional diversity jurisdiction under 28 U.S.C. § 1332 that allow evidence of the value of a plaintiff's claim to be considered in assessing federal removal jurisdiction.  (Id. at 14-15 (citing Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (per curiam)).  Removing Defendants further state in their Objection that for actions seeking declaratory or injunctive relief, the Ninth Circuit measures the amount in controversy by the value of the object of the litigation.  See Hunt, 432 U.S. at 347.

        Plaintiffs argue that the Kitazato Letter relied on by Removing Defendants is inadmissable under Fed. R. of Evid. 408.  (Resp. at 6-7.)  Plaintiffs also argue that the Kitazato Letter is unusable based on its lack of authentication and because speculation is required in order to estimate the number of plaintiffs or value of Plaintiffs' claims.  (Id. at 5-6.)  Finally, Plaintiffs reason that even if purported value ($80,049.26) estimated by Removing Defendants for each individual plaintiffs claim's was applied, multiplying $80,049.26 by the maximum number of plaintiffs possible in this case would still yield an amount less than the $5 million threshold required under CAFA. (Obj. at 3; see Resp. at 13.)

The Magistrate Judge found that CAFA's plain language mandated that Plaintiffs' claims be for *monetary* relief.  (F&R at 15.)   In interpreting a statute, this Court looks first to the statute's plain meaning.  Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54 (1992).  If the statutory language is facially unambiguous, the inquiry is complete.  Id.

Removing Defendants are incorrect regarding the need for valuation of Plaintiffs' claims.   Both cases cited by Removing Defendants involve only traditional diversity jurisdiction.  As stated by the Magistrate Judge, in a case removed as a CAFA mass action, the requirement that a plaintiff assert a monetary relief claim is separate from, and must be determined before, the value of that claim may be analyzed.  Compare 28 U.S.C. § 1332(d)(11)(B)(I) ("An action qualifies as a mass action if it is a civil action in which "monetary relief claims of 100 or more persons are proposed to be tried jointly ....") with id. § 1332(a) ("(W]here the matter in controversy exceeds the sum or value of $75,000 . . . .").  The CAFA provisions applicable to Fed. R. Civ. P. 23 class actions and state equivalents do not contain a similar "monetary relief claim" limitation. Id.

§ 1332(d)(1) to (10); see Lowery v. Alabama Power Co., 483 F.3d 1184, 1202 n.45 (11th Cir. 2007).

Under CAFA, only actions *qualifying* as a mass action may be deemed a class action and be analyzed to determine whether the action meets the additional requirements including valuation of the plaintiffs' claim. See 28 U.S.C. § 1332(d)(11)(A-B). By its plain language, CAFA limits mass actions to suits seeking monetary relief and does not extend to actions seeking solely equitable or declaratory relief. Although the relief requested by Plaintiffs could result in a remedy costly to Removing Defendants, Plaintiffs do not seek relief that is monetary in nature. (See FAC at 18.)[2] Therefore, this Court also lacks jurisdiction because Plaintiffs' FAC lacks a claim for monetary relief as required for removal as a mass action under CAFA.

---

[2]This case is distinct from Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007). In Guglielmino, the Ninth Circuit valued the non-monetary relief requested by plaintiffs in a putative class action in order to determine the value of the amount-in-controversy for removal under CAFA. Because the relief requested by plaintiffs, including the back payment of health benefits and taxes as well as an accounting of moneys owed, would require a payment by the defendant, the court allowed the value of the equitable relief to inform the amount in controversy. Id. at 701. Guglielmino did not involve CAFA's mass action provisions. Further, monetary relief was requested by the plaintiffs. Id. at 697.

Moreover, any damages in this case would be speculative and well below Removing Defendants' burden of proof.  Although Rule 408 would not impede admissibility of the Kitazato Letter,[3] the Kitazato Letter is only "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  See Cohn, 281 F.3d at 840.  Here, Plaintiffs' FAC requests the removal of the AOAO Board, an accounting of the defendants' financial and business records, reformation of DHRS to a condition prior to the alleged improper conduct, and a determination of the Plaintiffs' voting rights.  In contrast, the Kitazato Letter briefly references the instant case, but discusses a position "in addition to" the Society's position in the complaint and proposes the sale of the TIC owners' interests, which is totally unrelated to what is asked for in Plaintiffs' FAC. (Compare Notice of Removal, Exh. B with FAC ¶¶ 82-109.)  Further, as the Magistrate Judge noted, the Kitazano Letter is unsigned, and although attached as an exhibit to a declaration of counsel, is not otherwise authenticated. (F&R at 15 n.9.)

---

[3]This Court rejects Plaintiffs' argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy.  Under Rule 408, Settlement letters are excluded if used to prove "liability for or invalidity of the claim or its amount."  Here, Fed. R. Evid. 408 does not apply as the Kitazano Letter is offered not to establish the amount Removing Defendants' liability, but to indicate the potential value of Plaintiffs' claims for jurisdictional purposes.  See Cohn, 281 F.3d at 840 n.3.

Finally, although not raised by the parties, it appears to the Court from the face of Plaintiffs' FAC that even if the numerosity and monetary relief requirements were satisfied, this action could not qualify as a CAFA mass action because "all of the claims in the action arise from an event or occurrence in the Staet in which the action was filed, and that allegedly resulted in injuries in that State . . . ." 28 U.S.C. § 1332(d)(11)(B)(ii)(I).

For all the reasons above, this Court DENIES Removing Defendants' Objection as to remand and ADOPTS the Magistrate Judge's F&R as to its decision to remand the instant action to state court.

C.      Attorneys' Fees and Costs

Removing Defendants argue that the Magistrate Judge erred in awarding attorneys' fees to Plaintiffs. A court may award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). In cases of remand, attorneys' fees and costs are awarded based upon the reasonableness of the removal and should generally be awarded only where the removing party lacked an objectively reasonable basis for removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, Removing Defendants' basis for removal was not clearly unreasonable. CAFA is a complicated statute with unique requirements for a qualifying as a mass action. Removing Defendants relied on case law for

attempting to use the value of Plaintiffs' requested relief to satisfy CAFA's amount in controversy requirement.  Further, the number of persons represented by the Society was unknown at the time of removal and although Removing Defendants' use of the Kitazato Letter was speculative, Removing Defendants had no other basis on which to estimate the Society's membership.

For these reasons, this Court GRANTS Removing Defendants' Objection as to attorneys' fees and costs and MODIFIES the Magistrate Judge's F&R to reflect no award of attorneys' fees or costs.

## CONCLUSION

This Court ADOPTS IN PART and MODIFIES IN PART the Magistrate Judge's F&R to Grant Plaintiffs' Motion to Remand to State Court and GRANTS IN PART and DENIES IN PART Removing Defendants' Objection to the Magistrate Judge's F&R.

This Court modifies the F&R only with respect to the award of attorneys' fees and costs.  This Court modifies that portion to reflect no award

of attorneys' fees or costs.  As such, this Court does not have jurisdiction to consider Plaintiffs' claims and this case is remanded to state court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 13, 2009.



_____
David Alan Ezra
United States District Judge

Koshiro Kitazato, etc., et al. vs. Black Diamond Hospitality Investments, LLC, et al., Civil No. 09-00271 DAE-LEK; ORDER: (1)ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION TO REMAND TO STATE COURT; AND (2) GRANTING IN PART AND DENYING IN PART REMOVING DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION